**IN THE UNITED STATES DISTRICT COURT FOR**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **GRETA COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:17-cv-01188** |
| | ) | |
| **FEDERAL DEPOSIT INSURANCE** | ) | **JUDGE CAMPBELL** |
| **CORPORATION, as Receiver for** | ) | **MAGISTRATE JUDGE** |
| **Silverton Bank, N.A.,** | ) | **HOLMES** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM**

Pending before the Court is Defendant's Motion to Dismiss and Supporting Memorandum of Law. (Doc. Nos. 7, 8). Plaintiff filed a response in opposition (Doc. No. 13), and Defendant has replied. (Doc. No. 15). For the reasons discussed below, Defendant's motion to dismiss is **GRANTED**.

## I.     FACTUAL BACKGROUND

Plaintiff Greta Coleman filed this action in Williamson County Chancery Court, seeking to recover funds that Plaintiff alleges were obtained by Defendant Federal Deposit Insurance Corporation as Receiver for Silverton Bank, N.A., as the result of a wrongful levy on a joint bank account Plaintiff kept with her husband Scott Coleman. (Doc. No. 1-1). Defendant properly removed the action to this Court under 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442. (Doc. No. 1).

The Office of the Comptroller of the Currency closed Silverton Bank on May 1, 2009, and Defendant was appointed as the receiver for the bank soon thereafter. (Doc. No. 8 at 4). In its capacity as receiver of Silverton, Defendant obtained a judgment against Plaintiff's husband Scott

Coleman, and sought to garnish a Bank of America account held jointly by the Plaintiff and her husband. (*Id.*). Bank of America answered the garnishment on June 24, 2014, and deposited $28,380.00 with the Williamson County Clerk and Master on July 7, 2014. (*Id.*).

Plaintiff alleges in her Complaint that Defendant did not have the authority to levy funds out of the couple's joint bank account because Defendant was only a judgment creditor of Plaintiff's husband, not Plaintiff. (Doc. No. 1-2). Defendant filed its motion to dismiss on October 20, 2017, arguing the Court lacks subject matter jurisdiction over Plaintiff's claims against the FDIC-R and that the Complaint fails to state a claim upon which relief may be granted. (Doc. No. 7).

## II. STANDARD OF REVIEW

While Defendant's filings do not cite specifically Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss that challenges a court's subject matter jurisdiction is governed by that rule. A Rule 12(b)(1) challenge can attack the sufficiency of the pleading itself (facial attack), in which case all factual allegations of the Plaintiff must be considered as true, or attack the factual basis for jurisdiction (factual attack). *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014). If the factual basis for jurisdiction is challenged, as is the case here, a court has broad discretion to consider and weigh evidence, including evidence outside of the pleadings, and the plaintiff bears the burden of proving jurisdiction.[1] (*Id.*).

---

[1] The other arguments presented in Defendant's motion to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6), and can only be decided if the Court has jurisdiction over the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Because subject matter jurisdiction is lacking, the Court does not and cannot rule on the merits of Defendant's other arguments.

### III.    ANALYSIS

Defendant argues that the Court lacks subject-matter jurisdiction over the claims against Defendant because Plaintiff did not comply with the administrative claims process set out in the Federal Institution Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1811 et seq. (Doc. No. 8 at 7).   Specifically, Defendant alleges that Plaintiff did not follow the administrative claims process of FIRREA for her claim that is the subject of this lawsuit, and therefore deprived Defendant of the opportunity to consider her claim before she filed suit.   (*Id.*).   Plaintiff does not dispute this, or even address FIRREA, in her response to Defendant's motion.  (Doc. No. 13).

"FIRREA was enacted during the savings and loan insolvency crisis to enable the FDIC . . . to efficiently and expeditiously wind up the affairs of hundreds of failed financial institutions." *In re Lewis*, 398 735, 739 (6th Cir. 2005).  Under FIRREA, the FDIC is given broad discretion to adopt and enforce policies that promote efficiency in winding up the affairs of failed institutions. 12 U.S.C. § 1821.  To do so, FIRREA "establishes an administrative process for handling claims made against the assets of a failed bank that has been placed under receivership." *In re Lewis,* 398 F.3d at 739.

The process for handling administrative claims against institutions for which the FDIC has been appointed receiver is set forth in 12 U.S.C. § 1821(d)(3)-(13).  The FDIC is required to mail or publish notice to the institution's creditors instructing them to present their claims to the receiver by a date specified in the notice.  12 U.S.C. § 1821(d)(3).  Claims filed after this date are generally barred unless the claimant did not receive notice of the appointment of the receiver in time to file the claim before the stated date, and the claim is filed in time to permit payment of the claim. 12 U.S.C. § 1821(d)(5)(C).  According to one circuit court, "the only statutorily-specified exemption from the strict requirements of the administrative claims process is provided 'if the claimant did

not receive notice of the appointment of the receiver in time to file . . . [a] claim.'" *Secrest v. Indymac F.S.B.*, 2009 WL 302321, at *4 (E.D. Mich. Feb. 9, 2009) (quoting *Freeman v. FDIC*, 56 F.3d 1394, 1402 (D.C. Cir. 1995)). But even then, "the only consequence is that the FDIC 'may' consider a late-filed claim, provided the claim is filed 'in time to permit payment.'" *Id.*

Under section 1821(d)(13)(D) of FIRREA, a claimant must exhaust the administrative process before having her claim reviewed by a federal court. Section 1821 (d)(13)(D) provides: "no court shall have jurisdiction over . . . any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver." Thus, failure to exhaust the administrative procedures deprives a federal court of subject matter jurisdiction over the claim.

On its face, FIRREA appears to only apply to creditors. At first blush, Plaintiff's claim does not allege that she is a "creditor" of Silverton Bank. However, Courts have held that the bounds of FIREAA and its limitations on judicial review extend beyond creditors to *any claim* relating to the acts or omissions of a failed bank, whether made by a debtor, creditor, or other party. *See In re Lewis*, 398 F.3d at 741; *Mansor v. JPMorgan Chase Bank, N.A.*, 270 F. Supp. 3d 445, 449 (D. Mass. 2017) ("FIRREA deprives courts of subject matter jurisdiction over claims that relate to the acts or omissions of a failed banking institution, but have not been exhausted through the FDIC's administrative claims process.").

Here, Plaintiff was obligated to exhaust FIRREA's administrative claims process before filing suit against Defendant. Although the gravamen of Plaintiff's Complaint is that the funds garnished by Defendant were not assets of Silverton Bank, FIRREA provides an initial review of that issue through the administrative process. The mere fact that Plaintiff's claim is based on

Defendant's alleged acts while operating as receiver for Silverton Bank subjects Plaintiff's claim to the obligations of FIREAA and its administrative claims process. The case law from numerous circuits is clear that a plaintiff who fails to comply with FIRREA before seeking judicial review deprives a federal court of subject matter jurisdiction. *See e.g., Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373 (6th Cir. 2008); *Willner v. Dimon*, 849 F.3d 93 (4th Cir. 2017); *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927 (11th Cir. 2013); *McCarthy v. FDIC*, 348 F.3d 1081 (9th Cir. 2003); *Meliezer v. Resolution Tr. Co.*, 952 F.2d 879, 882 (5th Cir. 1992).

Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against Defendant, and therefore **GRANTS** Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). Because the Court grants Defendant's motion on this basis, the Court does not reach the Defendant's remaining arguments.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE